Opinion by
Willson, J.
§ 631. Damages; measure of, against carrier for delay in delivery of goods not for market; case stated. Appellee owned a steam cotton-gin, and, desiring to attach thereto a cotton-press, he purchased one consisting of several pieces, and had the same shipped from New Orleans, La., to Belleville, Tex., a part of the route being over appellant’s line of railway. Appellant received the freight at Houston, Tex., and undertook to transport the same to Belleville, and did so transport it without delay, except one piece thereof,— a sill,— which did not arrive at Belleville with the other pieces. On July 10, 1883, appellee demanded and received said freight, except the missing sill, the loss of which was not known at that time, though the other pieces had been at the depot nearly one month. Upon discovering the loss of said piece appellee immediately notified appellant’s agent at Belleville of the fact, and he at once sent out a line-tracer, and found and had the piece brought to Belleville, the same reaching Belleville September 1, 1883, and was then tendered to appellee, who refused to receive it. On *554 July 20, 1883, appellee ordered another sill from New Orleans, which he received August 14, 1883, and he then started his press to,work. Appellee brought this suit to recover of appellant the cost of the lost sill, $35, and $600 damages for delay in failing'to deliver the same within a reasonable time. He claims as damages the profits on the ginning of two hundred bales of cotton at $3 per bale, which he alleges he lost by reason of the delay. No other damages are alleged or claimed in his petition. Appellant excepted specially to the damages claimed, because the same are uncertain, remote and speculative, and because appellant was not notified that it was important to appellee that the freight should be transported without delay. These exceptions were overruled, and upon trial by jury there was a verdict for appellee for $100, the rental value of the sill, and judgment was rendered accordingly. Held: The court erred in overruling the special exceptions to the petition. No facts are alleged in the petition which entitle appellee to recover other damages than the reasonable cost of replacing the delayed sill, and the fair rental value of the press during the delay caused in the operation thereof by the failure to deliver the sill promptly, together with legal interest on such damages. Applicable to a case like this, the ordinary measure of damages is thus stated: “Where the goods are not intended for sale in the market of destination, but are intended to serve some specific purpose of the owner, .... in the absence of special circumstances which may make the carrier liable for some special loss, or for the expense to which the owner may be put by his negligent delay, he could be held liable only for the inconvenience to which the owner had been put by being deprived of the use of his property during the time of the delay, which must be determined as a question of fact by the jury, by ascertaining from the evidence the value of its use, the criterion of which would be, in most cases, its rental value during the delay; or, in case of an absolute refusal to transport *555 according to contract, for such, time as would be requisite to obtain the article by another conveyance,’ or from some other source.” [Hutch, on Carriers, § 776; 3 Sutherland on Dam. 215; W. & W. Con. Rep. §§ 206, 814; ante, §§ 404, 405.]
§ 632. Special damages, to be recovered, must be aven-ed. In order to entitle appellee to special damages, such as are not the natural consequence of the delay complained of, or which were not of a character to be reasonably anticipated by the parties at the time of the contract of shipment, he must have averred the same, and the facts which would make them legally recoverable, in his petition. [2 Greenl. Ev. § 254; Sedgwick on Dam. 575; 3 Sutherland on Dam. 228 et seq.; ante, §405.] This was not done. Under the averments of the petition' the damages claimed, except the $35, the alleged cost of replacing the delayed sill, were not legally recoverable.
§ 633. Damages not alleged and claimed cannot be proved and recovered. Appellee having claimed damages not recoverable by law, having failed to allege the rental and claim the rental value of the property during the delay, he was not entitled to prove and recover such rental value. It was error to admit, over the objections of appellant, evidence to prove rental value, and error to submit that issue to the jury, and the verdict and judgment for such damages are not warranted by the pleadings. [W. & W. Con. Rep. §§ 131, 495, 514, 581; ante, § 314.]
§ 634. Carrier cannot limit his common lato liability; stipulation that claim for damages must be made within a specified time, not valid, when. Appellant pleaded that one of the stipulations in the contract of shipment was, that all damages for loss of freight should be considered as waived by appellee, if not made in writing to appellant within three days after delivery of the freight to appellee, and that such demand had not been made by appellee. This plea was excepted to by appellee upon *556 the ground that said stipulation is not valid under the statute of this state, which exception was sustained. By our statute, carriers for hire, within this state, cannot limit their liability as it exists at common law. [R. S. art. 278.] It has been held in the case of the shipment of live stock, that a similar stipulation in the contract of shipment was valid, and a condition precedent to the shipper’s right to recover damages. [W. & W. Con. Rep. §§ 314, 1260, 1264; ante, %% 136, 131, 193, 324, 330.] But the cases in which it has thus been held were cases where the contract of carriage was not to be wholly performed within this state, but to be partly performed beyond the limits of this state. In such cases the statute does not apply. [W. & W. Con. Rep. §§ 335, 1260.] In the case before us the contract of carriage was to be wholly performed by appellant within this state, and hence, said stipulation being a limitation upon its common law liability as a carrier, was within the inhibition of the statute and not valid. The court did not err in striking out said plea.
§ 635. Marking and direction of freight; waiver as to. The missing sill was marked with the name of appellee when it was shipped at New Orleans, but the place of its destination was not marked upon it. It is contended by appellant that the failure to properly mark the sill was contributory negligence on the part of appellee which bars his recovery in this action. We think otherwise. Even if it could be held to be appellee’s fault that the sill was not properly marked, still the appellant cannot be heard to complain thereof, because it received the freight in that condition, and thereby waived any defect in the manner in which it was marked or directed.
§ 636. Rental value; how to be estimated; what evidence is admissible in proof of. The rental value of the property delayed should be estimated with reference to the circumstances of the case, that is, it would be proper to take into consideration the fact that there was an adjacent gin; that it was the season of the year for ginning *557 cotton; the proximity or remoteness of other gins and presses; the amount of cotton which would probably have been taken to appellee’s gin to be ginned and pressed; and such other facts as would assist in ascertaining the reasonable rental value of appellee’s press during the period of the delay, had it then been in operation. In proof of such value, the opinions of witnesses acquainted with the press, and with the facts bearing upon the value of its use, would be competent evidence. [1 Sutherland on Dam. 798; 2 id. 375; 3 id. 111, 112.] If there was a market rental value, such value would control; but if there was no market, the value may be ascertained by proof of such elements or facts affecting the question as may exist, and by the opinions of witnesses properly informed on the subject. [2 Sutherland, Dam. 377, 378.]
February 21, 1885.
§ 637. Owner not bound to receive delayed freight, when. Appellee was not bound to receive the sill when tendered to him. By reason of the delay it had become useless to him, he having been compelled to replace it with another; and detached, as it was, from the press, it was valueless. He was entitled to recover its value at the time and place it should have been delivered to him, with interest thereon. [Hutch, on Carriers, § 328; ante, § 342.]
Beversed and remanded.